UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| v. | ) ) | Criminal Action No. 26-CR-10007-AK |
| HONG WANG, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR RETURN OF PROPERTY**

**ANGEL KELLEY, D.J.**

Defendant Hong Wang was indicted for securities fraud and insider trading. Pursuant to warrants issued by a magistrate judge, the Government seized four Vanguard investment accounts that Defendant allegedly used for the trades. Defendant moves for return of the funds and for an evidentiary hearing under Franks v. Delaware, 438 U.S. 154 (1978), contending that the seizure warrants were defective. [Dkt. 22]. The Government opposes the Motion. [Dkt. 25]. For the following reasons, Defendant's Motion is **DENIED**.

I.      BACKGROUND

Defendant Hong Wang was a biostatistics consultant who worked for C4 Therapeutics, a pharmaceutical company. [Dkt. 22 at 3]. Beginning in September 2023, Wang conducted data analysis for CFT7455, a drug that C4 was developing. [Dkt. 22-5 ¶¶ 17, 19]. Over the course of this project, Wang allegedly learned that the interim Phase 1/2 clinical trial test results for CFT7455 were promising. [Id. ¶ 21]. In November and December of 2023—prior to information about the test results being released to the public—Wang purchased thousands of shares of C4

1

stock using four Vanguard investment accounts. [Id. ¶ 25].

On December 12, 2023, C4 publicly disclosed the positive results of its CFT7455 study. [Id. ¶ 30]. The next day, on December 13, 2024, C4 also announced a $2.5 billion license and collaboration agreement with Merck, a large pharmaceutical and life sciences company. [Dkt. 22 at 3]. That day, C4's share price increased by 135 percent. [Dkt. 22-5 ¶ 31]. Wang sold 20,000 of his C4 shares while retaining the remainder. [Id. ¶¶ 31-32].

On September 30, 2025, Special Agent Keith Brown for the Federal Bureau of Investigation applied for four warrants to seize the funds in Wang's Vanguard accounts, alleging they were "proceeds" of unlawful insider trading. [See Dkt. 22-5] (hereinafter "Brown Affidavit"). A magistrate judge approved the warrants. [See Dkts. 22-1 to 22-4].

On January 13, 2026, a federal grand jury returned an indictment for Wang charging three counts of securities fraud. [Dkt. 1]. The indictment includes a criminal forfeiture allegation pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) for several of Wang's assets, including the funds in the Vanguard accounts he used to trade C4 stock. [Id.]. On April 17, 2026, Defendant moved for a return of the funds under Federal Rule of Criminal Procedure Rule 41(g) and for a Franks hearing to determine the validity of the seizure warrant.

## II.     DISCUSSION

Defendant moves for two forms of relief: (1) return of property pursuant to Rule 41(g), arguing that his Vanguard funds are unrealized appreciation of stock, which does not qualify as "proceeds" under the forfeiture statute, 15 U.S.C. § 981(a)(2)(B); and (2) a Franks hearing to challenge the truthfulness of the Brown Affidavit, arguing that the magistrate judge's probable cause finding authorizing the seizure warrants was defective because it was based on a faulty affidavit. As explained below, Defendant fails to establish that he is entitled to either form of

relief.

### A.    Rule 41(g)

Rule 41(g) provides that "[a] person aggrieved . . . by the deprivation of property may move [the district court] for the property's return." Fed. R. Crim. P. 41(g).  To succeed on a Rule 41(g) motion, a party must demonstrate that the government's continued retention of the property is not "[r]easonable[] under all of the circumstances." Fed. R. Crim. P. 41(g) advisory committee's notes to 1989 amendment (hereinafter "Rule 41(g) 1989 Advisory Committee Notes").[1]  Specifically, if the government "has a need for the property in an investigation or prosecution," "if the defendant is not entitled to lawful possession of the property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues," then the government's "retention of the property generally is reasonable." Id.; United States v. Pierre, 484 F.3d 75, 87 (1st Cir. 2007) (internal quotation marks omitted) (quoting United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993)).  However, if the government's interests "can be satisfied even if the property is returned, continued retention of the property would become unreasonable." Rule 41(g) 1989 Advisory Committee Notes.  In this manner, the underlying purpose of the rule is to balance "legitimate law enforcement interest in the property" with "a right of a property owner." Id.  The moving party bears the burden of showing unreasonableness by a preponderance of the evidence. Cf. United States v. Uribe-Londono, 238 Fed. App'x 628, 630 (1st Cir. 2007); United States v. Gotti, 244 F. Supp. 2d 120, 121, 124-25 (E.D.N.Y. 2003).  If the court determines there are disputed factual issues, "[t]he court must receive evidence" as to those issues. Fed. R. Crim. P. 41(g).

Here, the Government has a law enforcement interest in retention of the Vanguard funds.

---

[1] Rule 41(g) was previously Rule 41(e).

3

The funds are "subject to forfeiture," as the indictment includes a forfeiture allegation, and the First Circuit has explained that retention of property that is subject to forfeiture is presumptively reasonable. Pierre, 484 F.3d at 87.  Moreover, the proceedings are ongoing, as an indictment has been returned and the action is in the pre-trial phase.  In such circumstances, the Government has at least some interest in ensuring that the funds are not destroyed or otherwise lost during the criminal proceedings. Cf. 21 U.S.C. § 853(e)-(f) (authorizing court to issue seizure warrant if there is "probable cause" that a temporary restraining order would be insufficient to protect the seized property from, among other things, being "destroyed, removed from the jurisdiction of the court, or otherwise unavailable for forfeiture"); Pierre, 484 F.3d at 87 (affirming district court's initial denial of pre-trial Rule 41(g) motion where government argued that seized property had evidentiary value for subsequent proceedings).

On the other side of the ledger, Defendant provides no evidence or argument that he has any countervailing property interest justifying immediate return of the funds.  For example, he does not assert that he is indigent, cannot afford necessary day-to-day items, or has any exigent interest that would conceivably be prejudiced by waiting until later forfeiture proceedings. See United States v. Morgan, 443 F. Supp. 3d 405, 407, 410 (W.D.N.Y. 2020) (denying Rule 41(g) motion and finding that government's interest in cell phone was more important than defendant's possessory interest).  Nor does Defendant provide any alternative method that would allow for both the return of the property and satisfaction of the Government's interest in ensuring the funds' availability for later forfeiture proceedings. See Rule 41(g) 1989 Advisory Committee Notes.  On this record, the Court finds that the Government's continued retention of Defendant's Vanguard funds is reasonable at this time.

Defendant's only argument is that unrealized appreciation of investment property does

not qualify under the statutory definition of "proceeds" under the forfeiture statute.  Rule 41(g), however, is not an appropriate vehicle for this challenge.  Defendant essentially disputes the ultimate forfeitability of the funds, which must be addressed during forfeiture proceedings, not through a Rule 41(g) motion.  Rule 41(g) assesses only the reasonableness of the government's continued retention of property, not the lawfulness of the initial seizure.  As the First Circuit has explained, "[a]n illegal seizure of property does not immunize it from forfeiture as long as the government can sustain the forfeiture claim with independent evidence." Pierre, 484 F.3d at 87 (quoting United States v. Rogers, 102 F.3d 641, 648 (1st Cir. 1996)).  That is, regardless of whether the underlying seizure of the Vanguard funds is lawful, the Government may still have a legitimate claim for forfeiture to be determined at a subsequent forfeiture proceeding. Accordingly, Defendant's request for return of property under Rule 41(g) is denied.[2]

## B.    Franks Hearing

Defendant next requests an evidentiary hearing under Franks v. Delaware, arguing that the seizure warrants were defective because the affidavit supporting probable cause was materially misleading by omission.  Specifically, Defendant contends that the Brown Affidavit failed to report an alternative explanation for the sharp increase in Defendant's C4 stock price, namely, the Merck collaboration announcement. [Dkt. 22 at 1].

---

[2] The Government urges the Court to reach the same result but under 21 U.S.C. § 853(k), which provides that, outside of certain exceptions, "no party claiming an interest in property subject to forfeiture . . . may . . . commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture."  The Government argues that this provision categorically bars defendants from moving under Rule 41(g) once an indictment containing a forfeiture allegation is returned.  According to the Government, a defendant's only redress is to wait for post-trial forfeiture proceedings under Rule 32.2.  Because the Court finds that Defendant has failed to meet Rule 41(g)'s requirements on the merits, the Court declines to reach the issue of Section 853(k)'s applicability to Rule 41(g) at this time.

Franks hearings originate in the Fourth Amendment.  During such hearings, a criminal defendant may challenge information that the government seeks to introduce by contending that such information was obtained pursuant to a defective warrant. See United States v. Ferrara, 771 F. Supp. 1266, 1298-311 (D. Mass. 1991).  Unlike Rule 41(g), which authorizes the return of property to balance law enforcement interests with the rights of property owners, the remedy for a Franks hearing is typically suppression—not return—of the challenged evidence. See United States v. Arias, 848 F.3d 504, 510-11 (1st Cir. 2017) (noting that a Franks hearing entitles a defendant "to the suppression of evidence obtained under that warrant").

Here, Defendant has failed to demonstrate that he is entitled to a Franks hearing.  To do so, a defendant must make a "substantial preliminary showing" that (1) an affiant omitted facts "with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading," and (2) that "that such omitted facts were material," i.e., the statement was necessary to the finding of probable cause. Ferrara, 771 F. Supp. at 1305 (citing United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990)); see also United States v. McLellan, 792 F.3d 200, 208 (1st Cir. 2015).  The defendant's challenge "must be more than conclusory and must be supported by more than a mere desire to cross-examine," with clear "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." United States. v. Southard, 700 F.2d 1,8 (1st Cir. 1983) (quoting Franks, 438 U.S. at 171-72).  "Allegations of negligence or innocent mistake are insufficient." Id.; see also United States v. Cortez, 108 F.4th 1, 11 (1st Cir. 2024), cert. denied, 145 S. Ct. 578 (2024); United States v. Perez-Greaux, 83 F.4th 1, 32 (1st Cir. 2023).  The standard is preponderance of the evidence. Ferrara, 771 F. Supp. at 1301 (quoting Franks, 438 U.S. at 156).

Defendant does not satisfy the first prong.  While Defendant alleges an omission (i.e., the

6

Merck collaboration), Defendant fails to show, argue, or allege that Agent Brown intentionally or recklessly omitted this information from his Affidavit. There is no allegation or evidence in the record suggesting that Agent Brown knew of, much less intentionally excluded, the Merck announcement. Nor does Defendant allege or show that it was reckless for Agent Brown to fail to include that information. See United States v. DiScala, No. 14-CR-399, 2018 WL 1187394, at *6 (E.D.N.Y. Mar. 6, 2018) ("[T]o demonstrate reckless disregard for the truth, a defendant must prove that an affiant 'in fact entertained serious doubts as to the truth of his allegations.'" (quoting United States v. Rajaratnam, 719 F.3d 139, 154 (2d Cir. 2013))). Thus, the first Franks prong is not satisfied, and the Court need not reach the second element of the materiality of the omission. Accordingly, Defendant is not entitled to a Franks hearing.

Moreover, even if Defendant were able to make the requisite showings, a Franks hearing would not provide the relief that Defendant appears to seek. The Government does not appear to intend to introduce Defendant's Vanguard accounts as evidence against him. Defendant likewise does not appear to request suppression of the Vanguard accounts and otherwise raises no evidentiary concerns regarding the funds. Instead, the purpose of the Government's retention of the funds is for later forfeiture proceedings. A Franks hearing, which allows for suppression of evidence, thus would not provide the remedy Defendant seeks. Defendant cites no cases, and the Court is aware of none, that have utilized Franks hearings to determine whether seized property should be returned, pursuant to Rule 41(g) or otherwise. Defendant's request for a Franks hearing is thus denied.

## III.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Return of Property [Dkt. 22] is **DENIED**.

7

**SO ORDERED.**

Dated: August 5, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge

8